

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*One Saint Andrew's Plaza*
*New York, NY 10007*

January 24, 2023

**BY ECF**

The Honorable Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: *United States v. James Bell*, S1 21 Cr. 280 (AKH)

Dear Judge Hellerstein:

  The defendant James Bell is scheduled to be sentenced on January 31, 2023, at 10:00 a.m. For the reasons set forth below, the Government respectfully submits that a term of imprisonment of 84 months', which is the Stipulated Guidelines Sentence and the mandatory minimum sentence that applies in this case, is sufficient but not greater than necessary to achieve the purposes of sentencing as set forth in 18 U.S.C. § 3553(a).

  **I.** **Factual Background**

  Since 2020, the New York City Police Department and the Drug Enforcement Administration have been investigating the 800 YGz as a result of numerous acts of violence that were committed by members of the 800 YGz and rival gang members in the Bronx.  PSR ¶ 22.

  The 800 YGz are a gang that engages in an array of racketeering activity to further the gang's interests and reputation, including acts of violence, attempted murder, robbery, narcotics distribution, and acts involving wire fraud, among other things.  PSR ¶ 23.  Members and associates of the 800 YGz use violence and threats of violence against individuals associated with rival gangs.  PSR ¶ 23.  The 800 YGz also promote the gang on social media sites such as Facebook and Instagram by posting messages, comments, videos, and photographs referring to, among other things, shootings, firearms, drug dealing, and acts of wire fraud.  PSR ¶ 23.  In addition to acts of violence, members of the 800 YGz have also furthered the goals of the gang by engaging in acts of wire fraud through the submission of fraudulent applications to collect unemployment insurance benefits.  PSR ¶ 25.

  On July 8, 2019, the defendant shot at a group of rival gang members near East 183rd Street and Crotona Avenue in the Bronx, striking and injuring two victims.  Both victims were taken to the hospital where they underwent surgery for their injuries.  PSR ¶ 31.

Hon. Alvin K. Hellerstein  Page 2
January 24, 2023

## II. The Charges, Plea Agreement and Guidelines

On May 27, 2021, a superseding indictment, S1 21 Cr. 280 (the "Indictment"), was filed against Bell and co-defendants Rashien Jackson, Daquan Murphy, Derick Murphy, Jayquan Smith, Hassan Simmons, and Jonathan Odenthal. In the Indictment, Bell was charged with one count of participating in a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One); one count of attempted murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(3), (a)(5), and 2, in connection with the July 8, 2019 shooting (Count Two); and one count of use of a firearm, which was discharged, in connection with the attempted murder charged in Count Two, in violation of 18 U.S.C. § 924(c)(1)(A)(i), (ii), (iii) and 2 (Count Three).

On June 1, 2022, Bell appeared in Magistrate Court and pled guilty, pursuant to a Plea Agreement, to the lesser included offense of Count Three. As a condition of his guilty plea, Bell also admitted that "(a) he was a member of the 800 YGz, and (b) he shot two individuals on or about July 8, 2019, in order to enhance or maintain his position in the 800 YGz." Plea Agreement at 2 n.1. The Plea Agreement calculated a Stipulated Guidelines Sentence of 84 months' imprisonment, which was also the mandatory minimum term of imprisonment. The PSR calculates the same Guidelines sentence and recommends a sentence of 84 months' imprisonment.

## III. A Sentence of 84 Months' Imprisonment Is Fair and Appropriate

As the Court is well aware, the Sentencing Guidelines still provide strong guidance to sentencing courts following *United States v. Booker*, 543 U.S. 220 (2005) and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Because the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall v. United States*, 552 U.S. 38, 46 (2007), district courts must treat the Guidelines as the "starting point and the initial benchmark" in sentencing proceedings. *Id.* at 49. After that calculation, however, the Court must consider the seven factors outlined in 18 U.S.C. § 3553, which include the nature and circumstances of the offense, the individual characteristics of the defendant, and the need to adequately deter criminal conduct and promote respect for the law. *Id.* at 50 & n.6.

Here, these factors support a sentence of 84 months' imprisonment.

*First*, the nature and circumstances of the offense is serious. Bell was a member of a violent street gang, the 800 YGz. As part of his gang membership, on July 8, 2019, Bell discharged a firearm at a group of individuals, striking and injuring two people. This conduct is extremely serious and warrants a 84-month term of imprisonment.

*Second*, Bell's history and characteristics support an 84-month sentence. Although Bell only has one criminal history point for an August 2017 robbery arrest and conviction, his criminal history reveals multiple acts of violence committed while Bell was under 18 years old. These include the August 2017 robbery described above, as well as an October 2017 assault and a November 2017 robbery. While Bell was treated as a youthful offender in each of these cases, it

Hon. Alvin K. Hellerstein  Page 3
January 24, 2023

is troubling that, despite receiving leniency from the state court, Bell chose to associate with a street gang and engage in a violent shooting in July 2019. Thus, Bell's history of violence weighs in favor of a sentence of 84-months' imprisonment.

*Third,* the need for specific and general deterrence justify a sentence of 84 months' imprisonment. Given Bell's history of violence, an 84-month prison sentence is appropriate to deter future criminal activity by Bell. This is particularly important where Bell recently sustained a violation while incarcerated pre-trial for fighting with another inmate. PSR ¶ 20. Equally important in this case are the important goals of general deterrence. Bell's sentence should send a message to other gang members that participating in a gang and committing acts of violence will result in lengthy prison terms.

### IV. Conclusion

For the reasons set forth above, a sentence of 84 months' imprisonment is sufficient but not greater than necessary to achieve the purposes of sentencing as set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: __/s/_____
Alexandra Rothman / Jim Ligtenberg
Assistant United States Attorneys
(212) 637-2580 / (212) 637-2665

cc:   Kenneth Montgomery, Esq. (by ECF)